EASTERN DIST.
*February,* 1840.

COLLINGS *vs.* HAMILTON.

COLLINGS
*vs.*
HAMILTON.

14 L 343
49 337

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, JUDGE DAWSON, PARISH JUDGE, PRESIDING.

A verdict " for the plaintiff," without specifying any sum, is defective and illegal, when the suit is for a money demand, and will be set aside.

The Supreme Court, on setting aside the verdict of a jury, will render final judgment in the case if the evidence and facts in the record enable it to do so.

This is an action on an account for work and labor done on the defendant's house, in which the plaintiff claims a balance of one thousand and forty-two dollars, according to an account annexed.

The plaintiff alleges that, at the instance of the defendant, he undertook to work on a dwelling-house already begun, and that he employed men to assist him, whose joint labor and work is worth the sum of one thousand two hundred and seventy-seven dollars, on which two hundred and twenty-five dollars have been paid, leaving the balance claimed as yet due, and for which he prays judgment.

The defendant admits the work was done on his house, but not in a skillful and workmanlike manner; and further avers, that he was to pay for the value of the work done by the plaintiff, and be allowed the value of the labor of four negro carpenters belonging to him, who worked on the building at the same time, and whose labor is worth two dollars per day each. He concludes by praying that all credits for the services of his slaves be given, and that the work done on the building be adjudged not worth half the sum claimed.

On these pleadings and issues, the cause was tried before the court and a jury; the parish judge presiding in the place of the district judge, who had been of counsel in the cause.

There was a mass of testimony taken on the trial, touching the manner of doing the work, its value, and the work performed by the defendant's slaves. Upon all the evidence adduced, the jury returned the following verdict: " We, the

jury, find a verdict for the plaintiff." After an unsuccessful attempt to obtain a new trial, on the part of the defendant, judgment was rendered confirming the verdict, and giving the plaintiff the sum claimed in his petition. The defendant appealed.

*Turner*, for the plaintiff.

*Lobdell*, contra.

*Morphy*, J., delivered the opinion of the court.

The plaintiff sues to recover one thousand and forty-two dollars, the value of work and labor done on a dwelling-house erected for defendant. The defence is, that the work is executed defectively, unskillfully, and in violation of defendant's instructions ; that, by reason thereof, plaintiff is not entitled to one half of the amount claimed ; defendant, moreover, claims the wages of four negro carpenters that he placed under the order and control of plaintiff, while he was working on said building.

A verdict "for the plaintiff," without specifying any sum, is defective and illegal when the suit is for a money demand, and will be set aside.

The plaintiff obtained a verdict. Having failed in an effort to set it aside, the defendant appealed.

Our attention has been called to the verdict as being defective and illegal, in not specifying the amount found by the jury as required by article 522, of the Code of Practice. We think the verdict incorrect; it must, therefore, be set aside, together with the judgment rendered on it.

The Supreme Court, on setting aside the verdict of a jury, will render final judgment in the case, if the evidence and facts in the record enable it to do so.

The Code of Practice, article 905, imposes on us the duty, when we reverse the judgment of an inferior court, to pronounce in the case such judgment as that court should have rendered, if the facts and evidence in the record can enable us to do so. Here we have before us all the testimony which induced the jury to find for the plaintiff. In controversies of this kind, it can hardly be expected that the evidence will be full, explicit, and free from any doubt. It consists entirely of the testimony of workmen and undertakers, who will differ in their opinions of the work they are called upon to examine; some have found plaintiff's

work well executed, others have found fault with it. The testimony shows that plaintiff informed defendant that he did not profess to be a first rate house carpenter, and that defendant expressed himself willing, nevertheless, to employ him, intending to have his house roughly finished. From a careful examination of the whole evidence, we think, with the jury, that it strongly preponderates in favor of the plaintiff. His account is proved with some certainty, while the facts set up in defence are sustained by vague and contradictory testimony. As to defendant's claim for wages, the evidence does not show how long his negroes worked with the plaintiff, or that they were all carpenters, as alleged. One of them is represented to be a rough carpenter; the others were field hands. They gave some occasional assistance to the plaintiff, but it does not appear that any wages were stipulated. Had this claim been for a stipulated price for the whole building, the defendant would perhaps be entitled to something for the time of his negroes; but in his account, the plaintiff only claims his own wages, and that of the workmen in his employ. If we were to allow the defendant's claim, he would be receiving the wages of his negroes after having had the benefit of their labor.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed and the verdict set aside; and it is further ordered and decreed, that the plaintiff do recover from the defendant the sum of one thousand and forty-two dollars, the costs in the court below to be paid by defendant, the plaintiff and appellee paying those of the appeal.