WILLIAM M. LAMBETH and another *v.* DAVID BURNEY.

A claim for conventional interest must be established by written proof.  C. C. 2895.
Action for the balance of an account, with interest, and verdict and judgment in favor
   of plaintiffs for a certain sum, without interest, and no new trial applied for by
   the latter.  On an appeal by defendant, and prayer by plaintiffs for an amendment
   of the judgment, so as to allow the interest claimed : *Held,* that no attempt hav-
   ing been made to correct the judgment in the court below, by moving for a new trial,
   no amendment can be allowed in the appellate court.

APPEAL from the District Court of Rapides, *King,* J.

*O. N. Ogden,* for the plaintiffs.

*Brent,* for the appellant.

MARTIN, J.  The defendant is appellant from a judgment, by
which the plaintiffs have recovered the balance of an account
against him.  He complains that he has been allowed only
$1864 78, as the net proceeds of fifty bales of cotton, which he
sent to the plaintiffs to be sold for his account, and contends that
he is entitled therefor to nearly double that amount.  The facts of
the case are these :  The cotton was sent to the plaintiffs on the
25th of November, 1837, accompanied by a letter, directing them
not to sell it, for a short time, for less than twelve and a half cents
a pound.  The defendant expresses his opinion that the times
would soon change for the better.  On the 15th of February, 1838,
the plaintiffs having been unable to obtain the limited price, wrote to
the defendant that they had decided to ship the cotton to Havre, and
informing him they would have it valued, and that he might have
his choice between the value in New Orleans and the nett pro-
ceeds at Havre.  This letter was not answered until the 25th of
March following, when he requested them to inform him of the
valuation they had made of the cotton, and to send him their ac-
count.  His counsel has urged that he limited them, as to the
price at which the cotton was to be sold, and that, having disposed
of it for less, they are bound to him for the amount of the limit.
The counsel for the plaintiffs has shown that, from · November,
1837, to April, 1838, cotton ranged from seven and a half to thir-
teen cents per pound.  In the appraisement which the plaintiffs
caused to be made, and which was read without opposition, the

appraisers attest, that they examined samples of the defendant's cotton sent to the plaintiffs in November, 1837, and declare that, between that time and February following, such cotton was worth from eight and three quarters to nine and a quarter cents per pound at the most, and that better cotton was even purchased at eight and three quarters; and, further, that they consider nine cents per pound a fair and liberal price for such cotton, in the month of February, when it was shipped.

It does not appear to us that the plaintiffs acted incorrectly. The defendant's instructions would not have authorized them to hold up the cotton for a long time. In the hope of obtaining the limited price, they held it up for nearly ninety days, which is about one-third of the cotton season. Such was the opinion of the jury. The plaintiffs and appellees have prayed for the amendment of the judgment in their favor, on the ground that the jury erroneously disregarded their claim to interest at the rate of ten per cent, urged in an amended petition. This claim for conventional interest ought to have been established by written proof. The plaintiffs did not apply to the District Court for a new trial, on account of legal interest not having been allowed; and as they did not seek it before the first judge, it is too late to ask it of us.

*Judgment affirmed.*