## COCHRANE v. MURPHY.

Where a verdict allows no interest, the court, in rendering judgment on the verdict, can allow none. If the interest be omitted through inadvertence, the error may be corrected before the verdict is closed; if the jury refuse to allow interest when due, the remedy is by an application to set aside the verdict and for a new trial.

Where the verdict of a jury allows no interest in a case in which it was due, and the plaintiff prays for a new trial on the general ground of the verdict being contrary to law and evidence, and on certain special grounds, but no relief is asked against the error in the omission to allow interest, the judgment will not be altered so as to subject the appellee to the costs of the appeal, where the amount of interest is but small.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Durell* and *Greiner*, for the appellant. *W. E. Murphy*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This suit is brought to recover the sum of $2,158 50, the alleged balance due on the price of a cargo of coals. The substance of the defence is, that the defendant sold the coals on commission. He admits that the balance due the plaintiff on the sale of the coals is $628 50, according to an account which he has exhibited. The plaintiff prayed for a trial by a special jury of merchants, which was had, and the jury found a verdict for the sum admitted to be due by the defendant. After an unsuccessful attempt to obtain a new trial, the plaintiff has appealed from the judgment rendered in accordance with the verdict.

There are several bills of exceptions taken by the counsel for the plaintiff, but we think none of them tenable. The decision of the district judge on the points raised is so obviously correct, that no further notice of them is deemed necessary.

In relation to the facts of the case we have to observe that, the evidence, as it appears nakedly on paper, does not satisfactorily account for the quantity of coals which it would appear the defendant received. As the testimony is at variance as to the quality of the coals, that is, as to the proportion of dust coal in the lot, and as it remained for more than a month, during the sales, on the levée, we presume the jury were satisfied that the defendant accounted for all for which he was responsible, and that the quantities of dust coal for which the defendant charged himself in the account was all that remained undisposed of. A special jury having passed upon a fact of this kind, we do not feel ourselves called upon to interfere with their verdict.

The verdict gave the plaintiff no interest, and the judgment followed the verdict. The plaintiff asks that the judgment be changed in that respect. This change, if allowed, would throw the costs of the appeal on the appellee.

The Code of Practice, art. 522, makes it the province of the jury to decide claims for interest on sums of money in litigation; and where the verdict allows no interest, we believe the rule is settled, that the court in rendering judgment on the verdict can allow none. If the interest is omitted by inadvertence on the part of the jury, the error can be easily corrected before the verdict is closed; and if the jury refuse to allow interest before it is due, the remedy of the party is by an application for setting aside the verdict and a new

trial. *Bedford* v. *Jacobs*, 5 Martin N. S. 448. *Commandeur* v. *Russell*, Ibid. 461. *Dale* v. *Downs*, 7 Martin N. S. 225. *Chain* v. *Kelso*, Ibid. 263.

The plaintiff made his application on the general grounds of the verdict being contrary to law and evidence, and on the special ground of error on the part of the judge in his charge to the jury, and in his admitting evidence which was excepted to, but no relief was asked against this error in the allowance of interest. Had the application been made, *non constat* that it would not have been granted, or the application acquiesced in by the defendant. In such a case we are not at liberty to subject the appellee to the costs of the appeal by altering the judgment appealed from. *Grailhe* v. *Hown*, 1 An. R. 440.

*Judgment affirmed.*