F. WICHTRECHT *v.* L. & S. FASNACHT.

Masters and employers are answerable for the damages occasioned by their servants and overseers in the exercise of the funtions in which they are employed.

The Article 522 C. P. is directory, and a substantial compliance with its provisions will be sustained, if the verdict is not objected to at the trial by the defendants.

Where no interest is given by the verdict the judgment should give none.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *G. Schmidt* for plaintiff. *C. E. Schmidt* for defendants and appellants.

HYMAN, C. J.    Plaintiff claimed judgment for damages caused to him and his minor child, Henry, by defendant's driver.

There was a jury trial, and a verdict given of $500 for the father, and of $4,000 for the child.

The district judge rendered judgment for these amounts, and, besides, decreed that defendants pay legal interest thereon to plaintiff, from 15th May, 1860.

Defendants, failing to obtain a new trial, appealed.

In this court it is not contended by defendants that the damages allowed are excessive; but they contend that the driver was not their employee, and that they are not liable for his acts.

It appears from the evidence that defendants are brewers of beer in New Orleans; that they employed certain men, and furnished them with

their horses and wagons, to haul their beer about the city and sell it for them.

WICHTRECHT<br>v.<br>FASNACHT.

These men hired (defendants not objecting) other drivers, whom they paid.

Albert Erath, one of the persons employed by defendants, and a driver named Charley, were together on a beer wagon of defendants; and one of them, while driving, through carelessness and gross negligence, drove over the child, broke both of his legs, and crippled him for life.

It matters not whether Erath or Charley drove over the child, or who hired or paid Charley.

Both, when the act of damage was done, were accepted employees of defendants, and were discharging the duties of their employment.

. Defendants are answerable for damages thus occasioned. See Civil Code 2299.

Defendants further contend, that the verdict of the jury is not in the form of words required by the 522d Article of the Code of Practice.

The words used by the jury in rendering their verdict were : "We agree to give to." To comply strictly with the article they should have said "Verdict for." This article is directory, and a substantial compliance with its provisions will be sustained, if not objected to at the trial, as defendants might have done. See 9 La. 410; Code of Practice, 528.

The only error in the judgment of the lower court is the allowing interest to plaintiff, none being given by the verdict. The judgment should be pursuant to the verdict of the jury. See Code of Practice, Art. 541; 4 An. p. 6.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that there now be judgment in favor of plaintiff, condemning defendants, *in solido*, to pay plaintiff five hundred dollars, for himself, and four thousand dollars for his minor child, Henry, and the costs of suit, except the costs of appeal which must be paid by plaintiff.