## No. 8744.

### Christopher Satterly vs. Charles Morgan.

In absence of proof of fault or negligence in the employment of incompetent or careless servants, an employer is not responsible for damages resulting to one servant from the fault or negligence of another. Upon the facts and circumstances disclosed by the evidence, plaintiff's claim for damages cannot be sustained.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

W. S. Benedict and Jos. P. Hornor for Plaintiff and Appellee.

Leovy & Kruttschnitt for Defendant and Appellant.

The opinion of the Court was delivered by

Fenner, J. Plaintiff was employed as a "yard-switchman" on defendant's railroad, engaged in aiding in running into the yard empty cars, and sending out loaded ones.

One of the operations employed by the defendant in the movement of loaded cars, for a short distance in the yard, was the following: an engine on an adjoining track parallel to the one on which the freight cars were, would be attached to the latter by means of a switch-rope with hooks at either end, one of which was attached to the engine, and the other to the leading car. The process was for the engine to move

forward a certain distance, until a certain momentum had been given to the cars, then to slack and let the cars proceed by their own *vis inertiæ*. A switchman was employed to detach the connecting rope from the car at the proper moment. Between the parallel tracks, at a point beyond that at which the rope was ordinarily to be detached, were some pilings or posts, placed there for legitimate purposes of defendant's business, and which had long been there to the knowlege of plaintiff.

On the occasion in question, while plaintiff was acting as switchman, owing either to his own fault or to that of the engineer handling the engine, the rope was not detached prior to reaching the obstruction, plaintiff tried, but failed, to lift the rope over, which fouled with the pilings, he then ran to the car and made an ineffectual effort to detach the rope; the piling gave way under the strain, the rope recoiled striking him and knocking him under the cars, where he was seriously injured.

The present action sounds in damages for said injury.

1. Plaintiff claims that defendant was in fault for having the pilings where they were. The evidence shows that they had long been there; that they were put there for a useful purpose; that they had never before occasioned injury; that plaintiff knew of their presence and assumed any risk incident thereto.

2. He complains that the accident resulted from the negligence and fault of defendant's engineer. If that were true, it would not avail, in absence of any proof of fault, or negligence, of defendant in his employment or retention. The engineer's character as a skilful, experienced and generally careful servant, is fully established. Under such circumstances, the employer cannot be held responsible; Hubgh vs. Carrollton, 6 An. 495; Poirier vs. Carroll, 35 An.; 2 Thompson Neg. 969, 987; Wood, Master and Servant, Sec. 416.

3. The alleged deficiency in the lights provided by defendant is not supported by the evidence; nor is it apparent how that contributed in any manner to the accident.

4. It does appear that plaintiff chose to perform the duty assigned him in an unusual and perilous manner, persisting in his course against warning, and that, if he had pursued the course usually adopted, and of which he was notified, he would not have been injured.

5. Finally, in order to secure a continuance of his salary, plaintiff himself wrote a letter to defendant's superintendent, in which he stated: "I have not and never had the least idea to enter suit against Mr. Morgan. I feel positive it was an unavoidable accident." Upon

the faith of this he received his salary during the whole time of his confinement and was subsequently continued in defendant's employ, until nearly a year after the accident, when, having been discharged for other reasons, he brought the present action.

The case is absolutely without merit, and the verdict of fifteen hundred dollars damages does not redound to the credit of trial by jury in such cases.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from be annulled, avoided and reversed, and that there be judgment rejecting plaintiff's demand, at his costs in both Courts.