39 881<br>46 1337<br>39 881<br>49 337

## No. 1292.

MILLER, LYON & CO. vs. JOSEPH CAPPEL AND D. A. CURRY.

When suit is brought on a note in names of three members of dissolved firm, and is excepted to on ground that one is dead, plaintiffs may amend by striking out name on proof that his interest had been fully transferred to ne of the others.

A judgment rendered on the verdict of a jury defective in being for plaintiff without specifying amount, cannot be sustained; but in reversing it this Court, when satisfied that the record presents all the facts and evidence necessary to a decision of the cause, will not remand it, but will render such judgment—following 13 La. 109, and 14 La. 343.

Where the judgment maintaining exception to an intervention declares that it was rendered by reason of the law and the evidence taken thereon, and the record presents no such evidence, the judgment will be affirmed.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*E. N. Cullom, A. V. Coco, David Todd* and *E. N. Cullom, Jr.,* for Plaintiffs and Appellees.

*Thorpe & Peterman* for Defendants and Appellants, and for Intervenor, Appellant.

The opinion of the court was delivered by

FENNER, J. The action is upon a mortgage note, and was brought in the name of Thos. D. Miller, T. Lytt. Lyon and Branch M. King, members of the firm of Miller, Lyon & Co.

An exception was filed that Lyon was deceased at the time of filing the suit. Thereupon plaintiffs were allowed to amend their petition by striking out the name of Lyon, on full proof that his entire interest had been duly transferred to Miller, and by praying for judgment in the names of Miller and King alone, and the exception was then overruled.

We see no error in this, and the matter is too trifling for further consideration.

A plea of prescription was also filed, but it has no merit and is not urged in this Court.

The only serious defense is the charge of defendants that plaintiffs are not the owners of the note sued on, but that they acquired the same, with others, from a third holder, at the request of, and as agents of, defendants, to whom they merely advanced the money to buy or take up the notes; whereby the notes became the property of defendants and, with the mortgage securing them, were extinguished by confusion, leaving plaintiffs in the position of mere ordinary creditors for the amount advanced.

This defense is not sustained.

The only evidence supporting it is that of Mr. Cappel, one of the defendants, and it is directly contradicted by the evidence of Mr. Miller, Mr. B. M. King, and Mr. Fred. King, as well as by the letters and acts of the parties.

The preponderance of the evidence is so overwhelmingly in favor of plaintiffs on this issue, that the matter needs no further discussion, particularly as it is confirmed by verdict of the jury and the judgment of the court.

We have also examined the accounts between the parties, and are satisfied that the amount accorded by the judgment, at least when reduced by the *remittitur* entered thereon by plaintiffs, is correct.

The verdict rendered by the jury is in the following form: " Nine in favor of judgment for plaintiff, and recognize the mortgage."

The defendants contend that this verdict cannot support a judgment in the court below, and none should have been entered on it. Article 522 C. P. requires that the verdict shall be: "verdict for plaintiff for so much, with interest," etc.

All authorities agree that a verdict not stating the amount either in exact terms or their equivalent is bad. But as to the remedy applicable in this Court, the decisions are apparently conflicting.

In two cases, it was held the judgment on such a verdict must be reversed, but that this Court, being in possession of all the facts and evidence necessary to pronounce judgment in the case, would proceed to render such judgment as should have been rendered in the court below, regardless of the defective verdict, but throwing the costs of appeal on plaintiffs, even though the same judgment be rendered. Hosea vs. Miles, 13 La. 109, Collins vs. Hamilton, 14 La. 343.

In another case, the Court reversed the judgment and remanded the

case, but the remanding was made because there were errors in the proceedings in the court below.  Hampton vs. Watterston, 14 Ann. 239.

In yet another case, the Court refused to disturb the judgment because defendant had failed to have the defect corrected in the lower court or to make it a distinct ground for new trial.  Simon vs. Brashear, 9 Rob. 59.   Also to same effect, 2 Ann. 472; 6 Ann. 727; 7 Ann. 678.

But in the instant case, defendants did seek relief in the court below by assigning this defect as a distinct ground for new trial, which was denied.

We shall, therefore, follow the practice adopted in the two cases first cited, being satisfied that we have before us all the evidence to enable us to determine the controversy, and that plaintiffs are entitled to the same judgment which was rendered below, though, as determined by those precedents, this will subject plaintiffs to costs of appeal.

## ON THE INTERVENTION.

An intervention was filed in the case by defendant, D. A. Curry, in the capacity of natural tutor of his minor children, alleging, nakedly and without any specification whatever, that " at and before the execution of the mortgage of plaintiffs, one undivided fourth part of the property therein described belonged to said minors, and was, therefore, not stricken with said mortgage, neither of said mortgagors being authorized to bind the property of said minors; and that another undivided fourth thereof belonging to their tutor was, prior to the mortgage set up by plaintiffs, affected by a mortgage in favor of said minors for $3,075, resulting from the recordation of the inventory of their deceased mother on December 23, 1872."

To this utterly vague petition plaintiffs filed an exception that " the said Curry, tutor, is without suable interest therein."

The exception is almost as vague as the intervention; but it was separately taken up, tried and decided in the following terms:  " Upon the exception of plaintiffs to the intervention of D. A. Curry, as natural tutor in the foregoing matter, the law and the evidence fully sustaining the exception, etc., it is by reason thereof ordered, adjudged and decreed that said exception be sustained, and the said petition of intervention be dismissed at intervenor's cost."

It thus conclusively appears that the judgment was based on evidence and rendered by reason thereof.  The record fails to exhibit any evidence taken on the exception, and it is, therefore, impossible for us to revise the judgment or to say that it was erroneous.  The rule is that this Court will presume that the evidence, with which it is not

furnished and upon which the judgment complained of was rendered, authorized it. Miller vs. Whittier, 6 La. 72; Thomas vs. Kean, 10 Rob. 80.

We take this course with less hesitation, because the rights of the minors, whatever they may be, will not be prejudiced but will be open to assertion in proper proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment dismissing the intervention be now affirmed.

It is further ordered, adjudged and decreed, that the judgment in favor of plaintiffs and against defendants, rendered by the court below, be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the said Thomas D. Miller and Branch M. King do have and recover of the said defendants, Joseph Cappel and Dudley A. Curry, the sum of four thousand dollars, with eight per cent per annum interest thereon from February 9, 1874, until paid, subject to a credit of one hundred dollars, to take effect from April 7, 1878, and subject to a further credit of $637.98, amount of *remittitur* entered by plaintiffs in court below; and it is further decreed that the special mortgage made part of plaintiffs' petition, dated at Evergreen, La., on May 6, 1873, before Wm. M. Ewell, notary public, and affecting the lots nine, eight and six, situate in the corporate town of Evergreen, parish of Avoyelles, La., and all the buildings, improvements and appurtenances and privileges thereunto belonging, and containing eight acres, more or less, bounded as follows, to wit; north, by property belonging to H. M. Miles, Mrs. S. E. Pearce and W. B. Buck; east, by property of Mrs. E. E. Fuqua and S. C. Cappel; south, by Mrs. E. A. Fuqua, S. C. Cappel, Mrs. E. H. Bassett and Joseph Cappel; and west, by H. and A. Kahn, Mrs. S. E. Pearce, H. M. Miles, Joseph Cappel, and the public road—be recognized, and that the said property be seized and sold to satisfy this judgment, interest and costs; defendants to pay costs of the lower court, and plaintiffs to pay those of this appeal.