The opinion of the court was delivered by
Blanchard, J.
Plaintiff sues defendant for damages for personal im juries, claiming $4,500.00.
The case was tried without a jury.
From a judgment in favor of plaintiff for $300, defendant appeals. Plaintiff, by answer filed here, joins in the appeal and prays that the judgment in his favor be increased to the amount sued for.
The case may be stated thus:
Plaintiff was at the time of the accident 24 years old. He was in service as dining room servant and house boy, and he also attended to a horse- and surrey kept on the premises, belonging to the son of his employer, and drove the surrey when in use.
The day before Christmas, in the year 1897, the daughter of his employer had oceassion to visit the Poydras Market in the City of New Orleans for the. purpose of doing some marketing. She ordered the surrey and plaintiff drove her to the market. This was in the forenoon, The market was reached about 10 o’clock. The surrey was driven close to the curb of the street on the market side. The-young lady alighted *2130 and entered the market. Plaintiff with the surrey and horse remained there in waiting.
Between 10 and 12 o’clock, an hour or more after reaching the market, and while plaintiff was sitting on the front seat of the surrey, a float or large wagon, belonging to defendant, drawn by two mules, loaded with twenty-five barrels 6f flour and driven by a colored man named Andrew Bell, came along Poydras street, and in passing the surrey the hind wheel of the latter was struck by the hind wheel of the float, resulting in the surrey being overturned and the driver (plaintiff) being thrown out. ■
The surrey was more or less injured and was repaired at the expense of the owner of the float — defendant herein.
Plaintiff at the time claimed no serious injury to himself, but, later, did so and his petition charges he was severely bruised and lacerated and that he received injuries of an internal character, causing him great pain and from which he still suffers.
He avers it to be a fact that these injuries have impaired his efficiency in the service in which he was engaged, and he has reason to fear that they will lessen permanently his ability to earn a livelihood.
An exception of vagueness of allegation and one of no cause of action disclosed having been overruled, defendant answered with a general denial.
A plan of the surroundings where the accident occurred shows the width of the street at that part to be nineteen feet, measuring from the sidewalk across the street to the edge of the market space.
Poydras Market divides Poydras Street longtitudinally. That is to say, the market house is located on an enlargement of the street at that point — the roadway of the street running along either side of the market.
The accident in question occurred on the roadway on the uptown side of the market. The surrey was standing still at the time, me horse’s head towards the river.
The wheels on the left of the vehicle were within a foot of the curb of the market place.
The width of the surrey was four feet, five inches and of the float seven feet, three inches.
The combined width of the two vehicles was eleven feet, eight inches. If to this he added one foot, six inches, as the space the inner wheel of the surrey was distant from the curb (which is the contention of the *2131 driver of the float) the sum is thirteen feet, two inches. This deducted from the total width of the roadway of the street — nineteen feet — would still leave over five and a half feet as a margin.
Thus it is seen, that by careful driving on part of the driver of the float the accident would have téen avoided. That it was not avoided seems to be wholly due to the carelessness of this driver — defendant’s servant.
It was negligence to drive into the surrey standing still on the side of the roadway, when there, was ample room to pass. If there were not room to pass, it was the duty of the driver of the float to stop and call out to the driver of the surrey to move up out of the way.
We do not find that it was contributory negligence on part of plaintiff to sit in the surrey stationed close to the side of the roadway, when sufficient room was left for the safe and easy passage of other vehicles. Nor do we understand that contributory negligence is urged as a defense.
That plaintiff was injured by the carelessness of defendant’s driver is established beyond controversy.
The law is simple and easy of application. Masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed: C. C. 2320.
As to the extent of plaintiff’s injuries some difficulty exists. No medical man who had knowledge of his case was put upon the stand. There should have been some testimony of this character and plaintiff is at fault that there was not. He was treated by a physician in private practice and also by some one of the medical staff of the Touro Infirmary. He should have called these gentlemen as witnesses.
As it is, the evidence leaves in doubt whether or not plaintiff is permanently injured. There is testimony, though, that he was not entirely recovered at the time of the trial some seventeen or eighteen months after the accident.
We incline to think the estimate of $300 of the judge a quo a little low and will increase it $i00.
It is, therefore, ordered and decreed that the judgment appealed from be amended by increasing the amount thereof to four hundred dollars and, as thus amended the said judgment is affirmed at the cost of the appellant.