(40 South. 798.)

No. 15,857.

WEAVER v. W. L. GOULDEN LOGGING CO., Limited.

(March 26, 1906.)

1. MASTER AND SERVANT—INJURY TO SERVANT—ACTION—PETITION.

A petition which merely alleges that one servant was injured by the negligent act of another servant, while both were engaged in the same work under a common employment, discloses no cause of action against the master.

If, as a matter of fact, the servant who was guilty of negligence was a superior servant or vice principal, the petition should have so alleged.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 838.]

2. SAME—NEGLIGENCE OF FELLOW SERVANT.

The asserted civil-law doctrine that a master, without fault, is liable for the negligence of a fellow servant, is recognized neither by the Civil Code nor jurisprudence of Louisiana.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 352.]

3. SAME—FELLOW SERVANTS—CORPORATIONS.

The framers of the Civil Code of 1825 intentionally departed from the Code Napoleon in

enacting that masters are only responsible when they "might have prevented the act and have not done it." Article 2320 (2299), Rev. Civ. Code. In departing from the letter of this restriction as not applicable to corporations, the Supreme Court of this state has adopted the common-law doctrine of fellow servants in a modified form.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 352.]

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

Action by J. H. Weaver against the W. L. Goulden Logging Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Breazeale & Breazeale, for appellant. Lynn Kyle Watkins and Scarborough & Carver, for appellee.

LAND, J. Plaintiff sued defendant for $5,000 damages for personal injuries.

The suit was dismissed on an exception of no cause of action, and plaintiff has appealed.

We make the following extract from brief of plaintiff's counsel:

"The plaintiff alleges: That he was employed by defendant company as a laborer and tong hooker for logs in the woods. The work he had to do consisted of hitching or attaching iron tongs into a log of timber, which tongs were attached by a rope or chain to what is called a drum, which is worked by steam.

"The drum revolves when steam is applied, which wraps around it the rope or chain, thus hauling the log to the skidder, where it is loaded on the car.

"That while engaged in this occupation and having tonged several logs which were successfully loaded, he and a fellow workman were proceeding with their work, and that plaintiff had properly tonged a log which was being hauled by operation of the drum, when the log was drawn in contact with a stump. Proper signals were given to the man operating the drum, who recognized and answered them by stopping the drum. That plaintiff was proceeding to disengage the log from the stump and shape its course so as to avoid stumps, when the person operating the drum, without warning and with gross negligence and carelessness, turned on the steam, and the tongs, unable to resist, were pulled out of the log with great force and struck plaintiff on his left leg, breaking it in two places below the knee."

The petition further alleges that the plaintiff attempted to run and avoid the danger, but had no time in which to do so; and that the defendant company is responsible for the negligence and carelessness of its employés and is liable in damages resulting from the accident so caused by the negligence and carelessness of the defendant company and its servants and employés.

The district judge held that under the allegations of the petition the injury was inflicted by the fault of the man who was operating the steam drum, who was a fellow servant of the plaintiff, and therefore the defendant company was not responsible for the damages.

Plaintiff's contention is, first, that the man who was operating the drum was not his fellow servant; and, second, that the fellow servant doctrine has no application whatever under the Civil Code of Louisiana.

The man at the drum was by means of machinery pulling the log which plaintiff was guiding, and hence they were both engaged in the same work.

The movement of the log was under the immediate control of the plaintiff, who by signals directed the man at the drum when to start and when to stop the operation.

The allegations of the petition do not show that the man at the drum was a superior servant who had control of the work of pulling and skidding the logs.

In all the cases in our Reports cited by plaintiff's counsel, the employé who caused the accident was the superior servant of the injured person or a vice principal of the master.

In Town's Case, 37 La. Ann. 630, 55 Am. Rep. 508, it was held that a conductor was not a fellow servant of the engineer.

In the Mattise Case, 46 La. Ann. 1535, 16 South. 400, 49 Am. St. Rep. 356, it was held that an engineer, who had charge of an ice-

factory, was not a fellow servant of a "coal passer."

In Evans v. Louisiana Lumber Co., 111 La. 534, 35 South. 736, this court, with considerable difficulty, concluded that a sawyer was not the fellow servant of a "dogger," or man working under him on the log carriage. After reviewing the jurisprudence of the state on the subject the court said:

"The master is liable when the work in which he is employed requires that one of the employés shall have the direction and control of the servant placed under him, although he may not have the independent power (independent of the master's authority) to employ and discharge."

The court in that case found that the "plaintiff was performing a duty under the direction of the sawyer," who had charge and control of a special department of work in the mill.

In the case at bar there is no allegation that the man at the steam drum had charge of the logging work or was directing or controlling the plaintiff in the discharge of his duties.

The most that can be said is that both servants were engaged in the same common work under a common employment. Merritt v. Lumber Co., 111 La. 159, 35 South. 497.

In such cases the servant assumes the risk of his fellow servant's negligence, and the master is not liable if not in fault in the employment of incompetent or careless servants. Satterly v. Morgan, 35 La. Ann. 1166; Poirier v. Carroll, 35 La. Ann. 699; Hubgh v. Railroad Co., 6 La. Ann. 498.

In the Satterly Case a locomotive engineer and a switchman were engaged in switching cars by means of a rope, and through the fault of one of them the rope recoiled and struck the switchman. The court held that, conceding the negligence of the engineer, the defendant was not responsible. That case and the one at bar are on all fours.

The doctrine that a servant assumes the risk of his fellow servant's negligence was announced in the Hubgh Case, supra, and has ever since been uniformly followed in the jurisprudence of this state.

This doctrine is based on an implied agreement that the servant undertakes to run all the ordinary risks of the service, including the risk of negligence on the part of a fellow servant. Id. This rule of law seems to us to be reasonable and just, as otherwise the master might be held liable without any fault whatever on his part for an accidental injury inflicted by one servant on his fellow.

Counsel for plaintiff, in their very able and interesting brief, contend that the "doctrine of fellow servant" is not known where the civil law prevails, and is contrary to the plain provisions of article 2320 of the Civil Code of this state, which declares that:

"Masters and employers are answerable for damages occasioned by their servants in the exercise of functions in which they are employed."

The same article, however, provides that:

"The responsibility only attaches when the master * * * might have prevented the act which caused the damage, and has not done it."

For many years the Supreme Court of this state gave full effect to the restrictive clause of this article. In Ware v. Canal Co., 15 La. 171, 35 Am. Dec. 189, the court said:

"It is said that in most cases the restriction in the Code will do away entirely with everything like responsibility in the master or employer, for it will seldom happen that the latter can prevent the act which causes the damage. This may be, and we believe is, true; but our duty is to apply the law when its letter is clear, and we could not justify a violation of its precepts on the ground of any supposed or real inconvenience and difficulty attending its application. The law, if defective, can be modified by that branch of the government whose province it was to make our laws or amend them when experience shows their inadequacy to subserve the purpose of justice."

The court pointed out that this restriction on the liability of the master was "an unfortunate departure from the Napoleon

Code." This decision was rendered in 1840, but the Legislature has never amended this article as wisely suggested by the court in the Ware Case.

In the Hubgh Case, 6 La. Ann. 498, the court adopted the common-law rule as to fellow servants, holding that the implied agreement between master and servant excluded the case from the operation of the article of the Code in question.

As to corporations, the restrictive clause of the article has been read out of the text, both as to servants and third persons, on the principle that a corporation is always present through its agents. Nelson v. Railroad Co., 49 La. Ann. 491, 21 South. 635; Evans v. Lumber Co., 111 La. 543, 35 South. 736.

Even as between individuals, this restriction has been virtually ignored in the latter decisions of this court.

In McCubbin v. Hastings, 27 La. Ann. 715, a case where a drug clerk made a mistake in filling a prescription, the court said:

"The next ground of defense is that the defendant cannot be condemned, unless the plaintiff prove that he was some way in fault, and that he really might have prevented the act which caused the damage. In one sense it was impossible for him to have prevented the calamity, because he was not in the city. But, if a master is only to be held responsible for the act of his servant where he might have prevented the act and did not, there would be no responsibility in the principal, except for such acts as were done in his presence."

In a number of cases of injury occasioned by the negligence of drivers of vehicles, both public and private, the same restrictive clause has not even been noticed. Wichtrecht v. Fasnacht, 17 La. Ann. 166; Perez v. Railroad Co., 47 La. Ann. 1391, 17 South. 869; Loyacano v. Jurgens, 50 La. Ann. 441, 23 South. 717; Maus v. Broderick, 51 La. Ann. 1153, 25 South. 927; Odom v. Schmidt, 52 La. Ann. 2129, 28 South. 350.

It therefore may be said that the restriction on the liability of masters embodied in article 2320 (2299) of the Civil Code has been construed out of the text, for the reason that it practically nullifies the liability of the master for the acts of his servants as imposed by the express terms of the same article.

As far as the instant case is concerned, it matters not whether we apply the present jurisprudence of the state relative to fellow servants or the more restrictive provisions of the article of the Civil Code as written.

This jurisprudence of more than half a century cannot be overruled, save on the theory that it is contrary to the plain text of the law.

If we should so hold, we would be forced by the logic of the situation to recognize and enforce the restriction as written. We could not consistently overrule a long line of cases on the ground of judicial legislation and at the same time legislate the civil-law doctrine into the text of the article.

This court has recognized and enforced to a certain extent the common-law doctrine of fellow servants. The original doctrine has been modified in England and in many of our sister states by legislation. It may be said in general terms that the present jurisprudence of this state conforms to what is commonly called the "superior servant" doctrine, and recognizes only as fellow servants those persons who are engaged in a common work under a common employment. Merritt v. Victoria Lumber Co., 111 La. 159, 35 South. 497; Evans v. Lumber Co., 111 La. 534, 35 South. 736.

Legislation is needed in this state on the subject of the relations of master and servant. These relations have become very complex, and the law should be modified to meet the requirements of the situation, as has been done in many of our sister states.

But, as we have already said, plaintiff's action is maintainable neither under the Civil Code nor the jurisprudence of this state.

Judgment affirmed.