McGrory *v.* Ultima Thule, Arkadelphia & Mississippi

Railway Company.

Opinion delivered April 19, 1909.

1. Appeal and error — discretion to direct verdict — review.— Upon review of an order directing a verdict for one party, the question presented on appeal is whether the testimony was sufficient to warrant a verdict for the opposing party, giving it the strongest probative force which the jury might have accorded to it. (Page 211.)

2. Master and servant—negligence of fellow servant.—At common law a master is not responsible to a vice-principal on account of the negligence of a servant who is a subordinate of the vice-principal and under the latter's control. (Page 212.)

3. Same—negligence—proximate cause.—Where a servant placed his foot between the drawhead and bumper of a car and had it crushed, the fact that the spring of the drawhead was in a defective condition, allowing too much play, was not the proximate cause of his injury, as the railroad company could not reasonably have anticipated that a servant would place his foot between the drawhead and bumper. (Page 214.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Wood & Henderson,* for appellant.

None of the employees who caused the trains to move were of the same grade with appellant, but were at the time of the action subject to his direct control. They were not fellow servants of appellant. Kirby's Dig. § § 6658-6659; 65 Ark. 138; 67 Ark. 1; *Id.* 377; 70 Ark. 411. The doctrine of imputed negligence is applicable. The movement of the trains was not expected by appellant at the time, and he neither consented to nor acquiesced in the same. 75 Ark. 30.

*T. D. Wynne, J. H. Crawford* and *T. D. Crawford,* for appellee.

1. That the conductor has general control and management of his train is recognized as a matter of law. 82 Tex. 516; 53 Am. & Eng. R. Cas. 59. It was not negligence for him to signal for the train to move unless he had reason to suspect that appellant was in a position of danger.

2. The employees were fellow servants of appellant, and the risk of their negligence was assumed by him as one of the ordinary risks of his employment. 58 Ark. 70; 2 Labatt, Master & Servant, § 470; 50 L. R. A. 47, 51. The McFall case, 75 Ark. 30, does not apply here.

3. The appellant was negligent in taking a defective flat car to be used in pulling the derailed engine back on the track. Also in putting himself unnecessarily in a place of danger without notifying the conductor of his intention to do so.

McCULLOCH, C. J. The plaintiff, Patrick McGrory, sues his employer, the Ultima Thule, Arkadelphia & Mississippi Railway Company, for damages resulting from physical injuries received while performing his duties, and alleged to be due to the negligence of other servants for whom the employer is claimed to be responsible. After all the testimony had been introduced, the trial court gave the jury a peremptory instruction to return a verdict in favor of the defendant, and judgment was entered accordingly. Thus the only question presented here is whether the testimony was sufficient to warrant a verdict in favor of the plaintiff, giving it the strongest probative force which the jury might have accorded to it.

There is little, if any, conflict in the testimony on the material points. The defendant owned a railroad which it operated as a common carrier through Clark and Dallas counties in Arkansas, and plaintiff was employed as roadmaster and superintendent of construction. He had no authority to employ or discharge trainmen, but in the event of accident or wreck of a train on the line it was his duty to take charge of the train or trains for the purpose of clearing up the wreck and restoring the trains to proper service. On such occasions he had charge of the trains, and his authority was supreme, the conductors and other trainmen being under his immediate supervision and sub-

ject to his orders. The evidence shows, however, that the conductors were left in charge of their trains subject to his orders, and that they were expected to give orders according to their judgment except when otherwise directed by the plaintiff as superintendent. The latter's orders to trainmen were given through the conductors.

On the occasion of the plaintiff's injury, one of the engines, No. 12, got off the track, and it was necessary to procure the assistance of another engine in getting it back, and plaintiff was notified. He got another engine, No. 14, and after coupling two flat-cars to it proceeded to the scene of the wreck of engine No. 12. Night fell while the work was goining on, and plaintiff went over to engine No. 14 to give an order to the engineer, and, water being up to the track on either side, he undertook to climb upon a flat-car attached to the engine in order to pass over to the engine, and while doing so the engine and cars were moved, and his foot was caught between the drawhead and bumper. The signal to the engineer to move his engine was given by the conductor in response to the request of the section foreman for the engine to be moved, so that he could repair the track. This was after engine No. 12 had been gotten back on the track. Neither the conductor who gave the signal, nor the engineer of No. 14, knew of the situation of plaintiff when the signal to move the engine was given and acted upon. It was dark, and neither of the trainmen knew where the plaintiff was or that he had started over to engine No. 14.

It is contended that the act of the conductor in giving the signal to move the train constituted negligence for which the defendant would be liable.

According to the undisputed facts, the plaintiff was a vice-principal of the defendant at the time of the injury; and the negligence of the employee, if any, which caused the injury was that of one of his subordinates. Is the master responsible to a vice-principal on acount of the negligence of another of its servants who is a subordinate of the vice-principal and under the latter's control? It is plain that the master is not responsible, for that is one of the ordinary risks which the servant assumes when he takes service and assumes control over his subordinates. The master is not bound, under the doctrine of *repondeat supe-*

*rior,* to indemnify one servant for an injury caused by the negligence of another servant in the same common employment unless the negligent servant is at the time acting as the master's representative—in other words, the vice-principal of the master. 2 Labatt on Master & Servant, § 470; *Quebec Steamship Co.* v. *Merchant,* 133 U. S. 375.

The subordinates of the vice-principal over whom he exercises control are his fellow servants in a common employment, so far as the responsibility of the master to him for their acts is concerned, and the master discharges his full duty to his vice-principal by exercising ordinary care in selecting competent subordinate servants.

It is contended that a contrary doctrine is announced in the case of *St. Louis & S. F. Rd. Co.* v. *McFall,* 75 Ark. 30. We think, however, that that case announced a principle altogether different from the one applicable here. There the injured party was a conductor on a train, and his injury was caused by the concurring negligence of Adams, the engineer of his train, and the servants in charge of another train. · The question there was whether the negligence of Adams, which contributed to the injury, should be imputed to McFall, so as to deny him the right of recovery; and we held that, inasmuch as Adams was not under the immediate control of McFall, the negligence of the one could not be imputed to the other. The controlling principle in that case was announced in the following language: "It follows, then, that in cases where the injured and negligent do not sustain to each other the relations of master and servant or principal and agent, or other relation by which alone one is responsible for the act of the other, the contributory negligence of a third person will not be imputed to the party thereby affected unless he was at the time subject to the control of the injured person, and the wrong, the negligence, was committed at a time when it was within the power of such person to prevent it, and it was his duty to do so, and under circumstances which indicated that he assented to or acquiesced in the wrong by his failure to interfere, or directed it to be done; and that when the conditions are reversed, the reverse is true—it will be imputed."

Now, in the present case there is no question of imputed negligence involved. The sole question, as before stated, is

whether the master is responsible to his representative, or vice-principal, for the acts of another servant in the common employment, but who is a subordinate of the former.

There is another allegation of negligence in the complaint, to the effect that the master was guilty of negligence in permitting the spring of the drawhead of the flat-car to become out of repair, so that too much space or play was allowed between the drawhead, when pulled out, and the bumper. It is contended that but for this negligence there would not have been enough space between the drawhead and bumper for the plaintiff's foot to have got down between them, and therefore no injury would have occurred. We are of the opinion, however, that this could not be made the basis of a charge of negligence as the proximate cause of the injury. It could not have been anticipated by the master, in furnishing reasonably safe appliances, that a danger of this sort should be guarded against. It could not have been reasonably anticipated that a servant would place his foot between the drawhead and bumper, or in the discharge of his duties would permit his foot to get in that position. We can see no causal relation between the alleged act of negligence and the injury, and therefore it could not be made the basis of a recovery.

We do not undertake to decide whether or not, under the facts in this case, the plaintiff himself was, as a matter of law, guilty of contributory negligence in climbing on the car in the darkness without apprising the trainmen of his presence. It is unnecessary to do so. Upon the the whole, we are of the opinion that the undisputed evidence shows affirmatively that the plaintiff is not entitled to recover, and the peremptory instruction to the jury was correct.    Affirmed.