(53 South. 732.)

No. 18,164.

## LINEMUELLER v. ARTHUR.

(Dec. 12, 1910.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§ 190*) — FELLOW SERVANTS—WHO ARE.

A hodcarrier, engaged under the direction of a foreman of bricklayers in assisting a tinner in repairing a gutter on a roof, is the fellow servant of the foreman while engaged in this work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

2. MASTER AND SERVANT (§ 189*)—VICE PRIN-
CIPAL—ASSUMPTION OF RISK.

A foreman is the vice principal of the sub-
ordinate working under his orders, and assumes
the dangers arising out of the negligence of this
subordinate, and cannot recover for injuries
arising out of this negligence.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 427–448; Dec. Dig. §
189.*]

Appeal from First Judicial District Court,
Parish of Caddo; A. J. Murff, Judge.

Action by Mrs. Tessie Linemueller against
John Arthur. Judgment for defendant, and
plaintiff appeals. Affirmed.

Hall & Jack, for appellant. Thatcher &
Welsh, for appellee.

BREAUX, C. J. Plaintiff claims of the
defendant the sum of $5,000 for the loss she
has sustained in the death of her husband,
Frank Linemueller, the loss of his love and
support, and the mental anguish she has suf-
fered.

There were no children of her marriage.
She claims the amount she alleges her hus-
band would have been entitled to, had he
recovered from the effects of the accident,
had he survived at the last moment, and aft-
er having suffered all that he suffered by
the accident, in which he lost his life.

John Arthur, the defendant, is a building
contractor, and the husband of plaintiff was
employed by him as foreman of the brick-
layers in the construction of a high school
building.

On the morning of June 14, 1909, plaintiff's
husband, the petition alleges, was called up-
on to assist defendant in cleaning out a tin
gutter.

According to the petition, it appears that
defendant, Arthur, and plaintiff's husband
were on the ground trying to clear the trash
out of the gutter. A hodcarrier in the em-
ploy of defendant just then was sent to the
roof by the decedent to assist the tinner, who
was at the time at work opening the gut-
ter, and was using a sash weight fastened to
a cord.

This order was given by the decedent in
the presence of and with the knowledge and
approval of said Arthur.

A material and important allegation is that
the said Linemueller and Will Bryan (the
hodcarrier), while doing the work on which
they were engaged at the time of the acci-
dent, co-associated.

While going to the roof, or while on the
roof engaged in the work before referred to,
the hodcarrier, it is charged by plaintiff,
negligently and carelessly displaced a brick
from the top of the wall. It fell, struck
plaintiff's husband on the head, and injured
him fatally.

The defendant excepted, on the ground that
the petition did not disclose a cause of ac-
tion.

The exception was maintained, and the
case dismissed.

Plaintiff appealed.

The following is the first question present-
ed by defendant for decision:

Is the hodcarrier the fellow servant of the
foreman?

In this connection, it will be borne in
mind that the foreman, who lost his life in
the accident, and the hodcarrier, were em-
ployed in the same work, and were perform-
ing a common duty.

The foreman had ordered the hodcarrier to
do the work which he was doing at the time
that the brick fell from the roof, as before
mentioned (owing to the negligence of the
hodcarrier).

The second question is: Was the foreman
a vice principal?

Taking up the first question, we are of
opinion that the foreman and the hodcarrier
were fellow servants.

It is very evident that this court has not
gone to extremes as relates to the fellow
servant doctrine. It has gone as far as pos-

sible of late years, in keeping that doctrine within due bounds. To limit it still further would be equivalent to abolishing it altogether. In a number of decisions of recent years, although conservative upon the subject, still that rule has to some extent been maintained.

There are three comparatively recent decisions of this court upon the subject. They are cited by learned counsel for plaintiff.

If the case of plaintiff falls within the scope of these decisions, her action will have to be maintained. Otherwise, as we have gone as far as deemed proper in limiting the fellow servant doctrine, we will not extend the limit any further than heretofore.

In the first case cited—that is, the Merritt Case, 111 La. 163, second column, 35 South. 497—the court held that persons engaged in different duties in the same establishment are not considered as fellow servants. This view was reiterated on rehearing.

The following is this court's appreciation of the case cited above, expressed in the second decision, several years after the decision above had been rendered.

"The case is directly in point, as Merritt was a general laborer and off-bearer about the mill, and was not a coassociate with the man working the ripsaw."

In the case at bar, "there was no coassociation between the plaintiff and the watchman, their duties being entirely different." Payne v. Georgetown Lumber Co., 117 La. 990, 42 South. 475.

In the next case, cited by learned counsel here for plaintiff, in the syllabus, it is expressly stated that the fellow servant's doctrine is not in the case. The fellow employé was working in a different department.

In this case the fellow servant doctrine was not pleaded.

In the case under discussion, the said Linemueller and the said Will Bryan (to copy from the petition), "while doing the work in which they were engaged, in clearing out the gutter"—the brick fell, of which we have before made mention.

There are a number of decisions in other jurisdictions deciding directly that brick masons and carriers of bricks are fellow servants (Blazinsky v. Perkins, 77 Wis. 9, 45 N. W. 917), and holding that the hodcarrier and his foreman are fellow servants (Bonnor v. Sandan, 68 Ill. App. 164; Maher v. McGrath, 58 N. J. Law, 469, 33 Atl. 945; Labatt, p. 1375, par. 498). See, also, Eng. & Am. Ency. of Law, vol. 12, p. 106.

Again, it has been held that both were engaged in the same work under a common employment. The petition in such a case alleged a cause of action. Weaver v. Gould Logging Co., 116 La. 468, 40 South. 798. See, also, Satterly v. Morgan, 35 La. Ann. 1166; Poirier v. Carroll, 35 La. Ann. 699; Hubgh v. Railroad Co., 6 La. Ann. 498, 54 Am. Dec. 565.

The defendant urges that, if these persons were not fellow servants, the foreman was a vice principal.

We leave the subject of the fellow servant doctrine, strictly speaking, and, for a moment, take up the case from the point of view that the foreman was a vice principal.

We have been referred to no decision on this point in this state; but it has received full consideration in other jurisdictions. The leading case is McGrory v. Railroad Co., 90 Ark. 210, 118 S. W. 710, also published in 23 L. R. A. (N. S.) 301, 134 Am. St. Rep. 24.

The decison holds that the master is not liable when one of the fellow servants is placed in control over subordinates; that he then assumes the risk, which prevents him from recovering damages caused by those under his charge—in other words, when a vice principal has superior authority over workmen.

We have noted that the foreman (decedent)

had ordered the workmen to perform the work at which they were engaged, and it was while acting under his order that the foreman was injured, from the effect of which injury he died.

The case has every feature of the cases we have cited above on the subject of vice principal.

Mr. Labatt, in his work entitled "Master and Servant," says, in cases similar to those to which we have referred, that the superior servant doctrine has no application to a case in which a superior servant is injured by the negligence of a servant under his control. Master and Servant, p. 1458, par. 520.

For reasons stated, the judgment is affirmed.