On Application for Rehearing.
 

 THOMPSON, J.
 

 The defendant, who is appellant, complains of error in the opinion and decree rendered in the first two cases styled above, in allowing interest on the amounts awarded the plaintiffs. The prayer of the petition was for interest, but the jury failed to give plaintiff interest in its verdict. The plaintiffs did not ask for a new trial on the ground that the jury had omitted interest, but the court in signing the judgment'allowed the interest.
 

 The defendant' appealed, and the plaintiff in each case answered the appeal and prayed that the verdict be corrected so as to allow interest in the event the court below was without authority to insert the interest in its judgment.
 

 In addition to the eases cited in Bedford v. Jacobs, 5 Mart. (N. S.) 448, and Commandeur V. Russel, 5 Mart. (N. S.) 457, Chain v. Kelso, 7 Mart. (N. S.) 263 and 264, and Cochrane v. Murphy, 4 La. Ann. 6, counsel cite Lambeth v. Burney, 3 Rob. 251.
 

 These cases unquestionably hold that where the jury fails to allow intex’est and the plaintiff neglects to apply for a new trial, the court is without authoxdty to include interest in its judgment.
 

 In the case of Wichtrecht v. Fasnacht, 17 La. Ann. 166, the court likewise held that where no interest is given by the verdict of the jury the judgment should give none; that the judgment should be pursuant to the verdict of the jury- — citing Code of Practice 541 and
 
 Cochrane
 
 v. Murphy, 4 La. Ann. 6.
 

 In Succession of Anderson, 33 La. Ann. 581, the qxxestion presented was whether interest could be collected on a judgment for money which by its terms is silent as to interest. The court held that interest could not- be so collected, a judgment not being a debt within the meaning of article 1938, C. C.
 

 The significance to be attached to that case
 
 *45
 
 is that the court apparently approved the ruling in Cochrane v. Murphy, 4 La. Ann. 6:
 

 “An analogous ruling, equally conclusive, was made in construing article 522 of the Code of Practice, relative to the verdicts of juries; and it was there held that where the verdict of the jury was for a specific sum, without mentioning interest, the court, in rendering judgment, could not give interest.”
 

 The cases referred to cite no particular authority and give no reason in support of the ruling, and, moreover, the holding is not consonant with the constitutional right of appeal on both the law and facts in civil cases.
 

 This right of appeal carries with it the right to review the verdict of the jury on which the judgment was based and to render such a judgment as could have been or should have been rendered by the jury or the court below.
 

 The same right to have the verdict or the judgment appealed from corrected is granted to the appellee provided he files an answer within the delay provided by law asking for such correction. O. P. 592.
 

 In the case of Jackson v. Michie, 33 La. Ann. 727, it was said that it has never been held that a party must move for a new trial in a jury case as a condition precedent to his appeal, though it is as a general rule proper he should do so.
 

 And in Kramer v. R. R. Co., 51 La. Ann. 1693, 26 So. 413, the court said:
 

 “We are met b,y the preliminary question whether the defendants can ask this court to review the decision based on the verdict of the jury, the defendant not having asked for a new trial.
 

 “We cannot hold that the constitutional right of appeal is lost, because the appellant has not sought a new trial in the lower court.”
 

 To which we may add that the right of the appellee to have the judgment amended in his favor is not lost by failures to apply for a new trial in the court below, where answer to the appeal has been timely filed.
 

 And again in Miller v. Joseph Cappel et al., 39 La. Ann. 881, 2 So. 807, the court said:
 

 “A judgment rendered on the verdict of a jury defective in being for plaintiff without specifying amount, cannot be sustained; but in reversing it this court, when satisfied that the record presents all the facts and evidence necessary- to a decision of the cause, will not remand it, but will render such judgment,” etc.
 

 Whatever has been said therefore in the cases cited by appellant inconsistent with the views herein expressed may be regarded as overruled.
 

 The application for a rehearing is denied.