The suit is therefore dismissed for want of jurisdiction.

SOMMERVILLE, J., takes no part.

═══════

(75 South. 111)

No. 21766.

JACKSON v. COUSINS.

(April 16, 1917.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ☞185(15) — FELLOW SERVANT—MASTER'S LIABILITY.

A workman engaged in loading logs on railroad cars, whose duty it is to attach the log tongs to the logs to be loaded, is the fellow servant of the one whose duty it is to signal to the man operating the steam engine to pull on the cable to which the tongs are attached. The employer of the two men is not liable in damages for personal injuries inflicted upon the man who gave the signal to pull on the cable, if the breaking of the cable and consequent injury was the result of the negligence of the fellow servant in attaching the tongs to a log that was jambed in the pile to be loaded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 402.]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; John E. Fleury, Judge.

Action by Albert Jackson against George Cousins. Judgment for defendant, and plaintiff appeals. Affirmed.

Woodville & Woodville and Prentice E. Edrington, Jr., all of New Orleans, for appellant. Conrad A. Buchler, of Gretna, for appellee.

O'NIELL, J. The plaintiff appeals from a judgment rejecting his demand for dam-

141 LA.—15

ages for personal injuries. While he was employed by the defendant, assisting in the operation of a skidder or log loader, loading logs on railroad cars, the steel cable broke, striking him on the leg and injuring him seriously. He alleged in his petition that the breaking of the cable was due to the fact that it was worn and weak at the end where it was fastened to the log tongs, and that the defendant was at fault for failing to furnish a cable of sufficient strength to do the work with safety.

The defendant, in his answer, denied that the cable was worn or weak or unfit for the work required of it, and alleged that the accident was the result of negligence on the part of the plaintiff and his fellow servant, who handled the log tongs.

The evidence shows that the cable was of standard quality, high grade, comparatively new, not defective in any respect. The plaintiff therefore concedes that he has failed to prove the cause of action alleged in his petition. But he contends that the evidence introduced on behalf of the defendant discloses that the latter is liable in damages on another cause of action; that is, that the injury was the result of the negligence and fault of the defendant's employé who handled the log tongs, in attaching them to a log that was jambed in the pile and giving the signal to pull on the cable.

The plaintiff's duty was to receive the signal from the man who handled the tongs, when the latter had attached them to a log to be pulled out of the pile, and to transmit the signal to the man who controlled the engine operating the steam drum or winch. On the òccasion of the accident, the tongman had stuck the tongs into a log that was jambed in the pile to be loaded. Before he gave the signal to pull on the cable, another employé warned him that the log could not be safely pulled from the pile, and he removed the tongs to a log on top of the pile,

which was pulled out and loaded upon the log car. When the tongs were returned to the tongman, he again stuck them into the jambed log which he had been warned not to attempt to pull out of the pile, and gave the signal to the plaintiff to direct the man at the winch to pull on the cable. When the latter applied the steam to his engine, the log failed to yield to the strain. Realizing that the pull on the cable was extraordinary and that something was wrong, the man at the engine released the strain and warned the plaintiff to get out of the way. He then turned on the lubricator on his engine, and, returning to the lever, asked the plaintiff, "How about it?" The latter replied, "Go ahead." The steam was applied again, and the cable tightened and snapped.

The plaintiff testified that he moved 20 feet or more out of the way of danger, in response to the warning of the man at the engine; but the latter and another employé testified that the plaintiff remained where he was in the line of danger, and the consequence of the second pull on the cable corroborates their testimony.

The evidence shows that one of the duties of the plaintiff was to swing the log tongs back to the man whose duty it was to attach them to the logs to be loaded. Although it may not have been altogether the plaintiff's duty to see that the man who stuck the tongs into the logs did not attach them to a jambed log, he was, nevertheless, in a position to avoid the danger of such a mistake on the part of the man who handled the tongs. And we think that his negligence in that respect, together with the negligence of the man who stuck the tongs into the jambed log, was the cause of the accident complained of.

The learned counsel for the plaintiff argue that it was not the hooking of the tongs into the jambed log, but the giving of the signal to pull on the cable, that was the direct and proximate cause of the accident. They argue that, as to the duty of attaching the tongs to the log, the man who did that work was the fellow servant of the plaintiff, but that, in giving the signal to pull on the cable, the man who had stuck the tongs into the jambed log was a superior servant or vice principal. It is true that the act of attaching the tongs to a jambed log would not have caused the accident if the signal had not been given to pull on the cable, but it is also true that the giving of the signal would not have caused the accident if the tongs had not been attached to the jambed log. We think the accident was the result of the combination of those two acts of negligence, neither of which alone would have caused it. The plaintiff and the man who attached the tongs to the jambed log were fellow servants, engaged in the same work, and their employer is not liable in damages for injury inflicted upon one of them by the negligence of the other.

The judgment appealed from is affirmed, at the cost of the appellant.