SOMMERVILLE, J.
Plaintiff, in her own behalf, as the widow of Lee Blankenship, and as the tutrix of their three minor children, sues defendant in the sum of $15,000 damages for the death óf Lee Blankenship, occasioned through the alleged fault and negligence of defendant.
Defendant answers, admitting that Blankenship was in its employment as tongs setter at the time of his death, and that his death occurred at the time and place stated in *525 the petition. But it denies fault and negligence on its part, and alleges that Blankenship was at fault and contributed to his injury and death, that a fellow servant who was in charge of the drum, and which was being operated by him at the time, was negligent, and that the deceased assumed the risks attending his occupation, including the risk of negligence on the part of a fellow servant who was acting in the discharge of his duty under a common master.
There was judgment for defendant, and plaintiff has appealed.
Defendant was engaged in logging operations at Westlake, in Calcasieu parish, in 1913, at the time of the death of Lee Blankenship.
It operated a steam loader, or skidder, which is a mechanical device consisting of •a platform on collapsible legs erected over a railroad track, high enough to permit empty log cars to be hauled forward from under it to be loaded. On the platform are several movable steam drums on which wire cables .are wound through blocks or pulleys. The pulleys are attached to overhead supports, ■and tongs are attached to the ends of one or more of the cables. This device was used for drawing logs to the skidder.
The loader is a movable crane, or boom, located in the center of the platform. The boom may be extended out over either side •of the railroad track. "A loading cable is attached to the drum, and runs through a ■block or pulley at the end of the boom, and tongs are attached to. it. This cable and tongs were used to load logs onto the cars. And it was this last-mentioned device which ■was being operated at the time of Blankenship’s death.
A bump, or bumper log, had been thrown from the car to serve as a bumper to the logs to be drawn later to the car. It fell too close to the car and in a wrong position, so as not to admit of the blocks being placed between it and the car. Blankenship, as tongs setter, twice inserted the tongs in the bumper log to pull it in position, and they were pulled out. He then got between the log and the car, and inserted the tongs in the log in such manner as to roll the log away from the car, and gave the signal to the boom man to draw the cable. The swaying log did not roll outward, as Blankenship apparently expected it to, but it was drawn up, and Blankenship’s head was caught and crushed between the ascending log and another log already on the car.
[1] Plaintiff says:
“Blankenship’s death was caused by the boom man failing to notice that his boom was not properly placed, and by his not placing it where it belonged, before he turned on the power to move the log.”
The danger was clearly obvious to the deceased. He must have foreseen the probability of the accident.
As it is conceded by the plaintiff that the boom man was at fault, and as he was a fellow servant of the deceased, plaintiff cannot recover; and the judgment of the district court will be affirmed.
Plaintiff argues that the boom man, if not standing in the position of a vice principal, was at the time a superior servant, and not a fellow servant.
The testimony in the record does not sustain either position. The boom man may have held a more responsible position, and he may have received more wages than did the deceased; but he was not a superior servant. He did not exercise any authority or control over the deceased. Indeed, it was the deceased who signaled the boom man to draw in the cable. He was giving directions to the boom man at the time of the accident.
[2] It may have been that on certain occasions the boom man had been placed in charge of the crew when the skidder foreman was absent. But on the occasion referred to the *527 foreman was in charge of the work, and the boom man was engaged in operating the machinery on the skidder, on signals given by the deceased. Both servants were engaged in the same common work of loading logs on a logging train, and under a common employment.
In such case the servant assumes the risk of his fellow servant’s negligence, and the master is not liable if not at fault in employing incompetent or careless servants. Merritt v. Lumber Co., 111 La. 159, 35 South. 497; Hubgh v. Railroad Co., 6 La. Ann. 495; Poirier v. Carroll, 35 La. Ann. 699; Satterly v. Morgan, 35 La. Ann. 1166.
The boom man is not alleged or shown to have been incompetent or reckless.
In the Satterly Case a locomotive engineer and a switchman were held to be fellow servants. See, also, Day v. La. Western R. R. Co., 121 La. 180, 46 South. 203.
The doctrine that a servant assumes the risk of his fellow servant’s negligence was announced in the Hubgh Case, supra, and it has been uniformly followed in this state. It is based upon the implied agreement that the servant undertakes to run all the ordinary risks of the service, including the risk of negligence on the part of a fellow servant. Ib. In that case the court adopted the common-law rule as to fellow servants, holding that the implied agreement between master and servant excluded the case from the operation of article 2320 of the 'Code. The rule seems to be reasonable and just; as otherwise the master might be held liable without any fault whatever on his part for an accidental injury inflicted by one servant on his fellow.
In the -well-considered case of Weaver v. Goulden Logging Co., 116 La. 468, 40 South. 798, the court held that the man who operated the steam drum on a skidder for loading-logs onto a log train was a fellow servant of the tongs setter, or tongs man. This case is similar in all respects to the Weaver Case; and it has not been made to appear that there is any good reason for overruling that decision. It is affirmed.
Plaintiff refers to the case of Oliphant v. Nona Mills Co., 141 La. 738, 75 South. 665, as being in opposition to the-Weaver Case, supra. But in that case the tongs setter was injured by the backing of a car which had been detached from a locomotive, and after the engineer had been ordered to pull away from the car. The court found that the backward movement of the car was due entirely to the negligence of the engineer on the locomotive. The defense of fellow servant -was not pleaded in that case. That case has no application to this one.
The case of Moorefield v. Bowman Hicks Lbr. Co., 141 La. 758, 75 South. 672, is not in point. The plaintiff was a machinist or general utility man, who was injured through the negligence of the decker, whose duty was-to place the logs in a pile or deck beside the railroad track, on which the skidder was operated. The employer in that case knew that the decker was unskilled, inexperienced, reckless, dangerous, and incompetent; -while plaintiff did not know these things about the decker. The employer was held liable under such circumstances. The machinist and the decker were held not to be fellow servants in. that case.
In the case of Roth v. Russel, 141 La. 581, 75 South. 418, referred to by the plaintiff' here, the plaintiff, a common laborer, was injured through the fault of the foreman, his superior, the representative of defendant; and recovery was had. The cases are not similar.
In the case of Jackson v. Cousins, 141 La. 449, 75 South. 111, the court held that the-tongs man and he who signaled the man at the drum to draw the cable were fellow servants, and that plaintiff could not recover- *529 damages occasioned through the negligence of his fellow servant.
Judgment affirmed.
PECHE, J., takes no part, not having heard the argument.