(79 South. 26)

No. 21587.

## MASON v. NEW ORLEANS TERMINAL CO.

(May 27, 1918.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT ⬤⟿185(2)—"FELLOW SERVANT" — CAR CARPENTER AND CAR REPAIRER.

A car carpenter and a car repairer, neither of whom has any authority or supervision over the other, both of whom are employed by the same master on the same car, are fellow servants, where, in the course of their respective duties, they necessarily come into contact with each other, and the work of each depends in certain instances on the work of the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fellow Servant.]

2. CONSTITUTIONAL LAW ⬤⟿245 — MASTER AND SERVANT ⬤⟿11 — EQUAL PROTECTION OF THE LAWS—DEFENSES IN SUIT FOR PERSONAL INJURY.

Act No. 187 of 1912, p. 333, "in reference to defenses in suits for damages for personal injury," is violative of the Constitution of the state of Louisiana and the Constitution of the United States, in that it denies to certain persons the equal protection of the laws.

*(Additional Syllabus by Editorial Staff.)*

3. STATUTES ⬤⟿117(2)—SUBJECT AND TITLE.

Act No. 187 of 1912, entitled "An act in reference to defenses in suits for damages for personal injury," not referring to public serv-

ice corporations, although such corporations only are dealt with in the act, does not express the object of the act.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by George Mason against the New Orleans Terminal Company. Judgment for plaintiff for $500, and defendant appeals. Judgment reversed, and judgment rendered in favor of defendant dismissing plaintiff's suit.

Dufour & Dufour and R. B. Logan, all of New Orleans (George Janvier and Hall, Monroe & Lemann, all of New Orleans, of counsel), for appellant. N. E. Humphrey and G. E. Williams, both of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff alleges that while repairing a broken or defective brake beam attached to a box car on the tracks of the defendant company that a piece of timber measuring 2"x4" by about 8' in length fell from the top of said box car, striking him on the head, severely injuring him. He further alleges that the falling of said piece of timber was caused by the gross carelessness, negligence, and want of skill of another employé of said company, who was at the time working on the top of the car doing some carpentering necessary in the repairing of said car.

The employé who caused the injury was known as a car carpenter, and the injured employé was called a car repairer. Plaintiff sues defendant for damages.

Defendant answered, admitting all the material facts alleged in the petition, including the negligence and carelessness of the car carpenter, and made the special defense that Act 187 of 1912, which attempts to abolish the fellow-servant doctrine as a defense in personal injury suits, was unconstitutional. It further alleged that the two employés were fellow servants, and that the injured employé could not recover for the injury suffered by him and caused through the negligence of a fellow servant.

There was judgment in favor of plaintiff in the sum of $500, and defendant has appealed.

The appellant assigns as errors:

(1) That the trial judge erred in not holding that Act 187 of the General Assembly of Louisiana for the year 1912 is unconstitutional, both under the Constitution of Louisiana and of the United States.

(2) That the trial court erred in not holding that Mason, the plaintiff, and Hoffman, the employé who injured him, were fellow servants.

[1] It is argued on behalf of plaintiff, and he introduced three witnesses to support his argument, that the car carpenter and the car repairer were not fellow servants.

It appeared from the evidence that the freight car undergoing repairs was in need of general repairs to both woodwork and ironwork, and the workmen referred to were engaged at the same time on the car under a common master, and that they were actually repairing the disabled car. The car repairer and the car carpenter may not have had exactly the same duties to perform, as one was working in iron and the other was working in wood; but they came into contact with each other during the course of their employment, and it would seem that they were fellow servants.

In the case of Day v. La. Western Ry. Co., 121 La. 180, 46 South. 203, the court held that an engineer and a switchman were fellow servants, because in the carrying out of their respective duties they were necessarily brought into contact with each other. In the case of Bell v. Lbr. Co., 107 La. 725, 31 South. 994, an engineer and a brakeman were held to be fellow servants because they were employed by the same master and engaged in handling the same train. In the case of Blankenship v. Edgewood Land & Logging

Co., 142 La. 524, 77 South. 139, it was held that a tongs setter and the boom man in the employ of a logging company were fellow servants. In Weaver v. Goulden Logging Co., 116 La. 468, 40 South. 798, the court held that the man who operated the steam drum was a fellow servant of the tongs setter. And in Jackson v. Cousins, 141 La. 449, 75 South. 111, the tongsman and the man who signaled the man at the drum to draw the cable were held to be fellow servants.

It is essential that fellow servants be engaged in the same work under the same master and that their work, to a certain extent, bring them into contact with each other. The requirement that they be engaged in the same work does not mean that both must be doing exactly the same thing at the same time. If they are engaged on the same general work, and in the course of their work come into contact with each other, or that each knows of the presence of the other and knows of the work that the other is doing, that is all that is required.

The testimony is to the effect that the car repairer and the car carpenter on some railroads are one and the same person, doing all of the work in both wood and iron.

The car carpenter and the car repairer in this case were in the actual presence of each other working on the same car, and knew of the presence of one another, and they knew what the other one was doing. They were fellow servants.

[2, 3] Act No. 187, 1912, p. 333, which is attacked as being unconstitutional, reads as follows:

"An act in reference to defenses in suits for damages for personal injury.

"Be it enacted by the General Assembly of the state of Louisiana, that assumption of risks by an employé, or the negligence of a fellow servant shall not be a defense to an action for damages for personal injuries, but may be considered by the court in determining the measure of damages. Provided, the provisions of this act shall apply only to public service corporations."

Defendant attacks the title as not expressing the object of the act. The title is very meager. Public service corporations are in no manner referred to in the title, although public service corporations only are dealt with in the act. The title can hardly be said to express the object of the act.

The other objection to the act is even more serious. It contains a discrimination against public service corporations in favor of nonpublic service corporations and individuals; and it therefore denies to public service corporations the equal protection of the laws.

The discrimination in the act is unreasonable, unfounded, and arbitrary between public service corporations and other corporations and individuals. There is no reason that suggests itself to the mind why the two defenses mentioned in the act should be denied to public service corporations when the law permits them to be urged by other corporations and by individuals who may be engaged in "public service," or in the same business. The case is not limited to this service or to the employés whose particular duties or occupations are so dangerous as to possibly require protection. As it is written, the act includes within its terms the clerk, the bookkeeper, etc., as well as the man in charge of a train of cars. There is an extra hazard attached to the occupation of the trainman, and this extra hazard may be covered or protected by proper legislation; but such extra hazard is not attached to the occupation of the clerks, bookkeepers, etc., who may be employed by a railroad company. The distinction appears to have been made by the court in the case of Mo. Pac. Ry. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107, in discussing a statute with respect to railroad corporations which had for its object the protection of their employés as well as the safety of the public. The danger which always hovers over railroad employés cannot truly be said to attach to all persons employed by

public service corporations irrespective of the character of the employment or of the nature of the business at hand.

The Legislature may classify persons engaged in hazardous businesses in order to impose upon them liability for injuries to their employés incident to said business; but in such case the liability of such persons engaged in the hazardous business must be made to depend upon the character of the employment, and not the character of the employer.

The work in which Mason was engaged was not extrahazardous. He was not injured in the operation of a railroad. The work he was doing was no more hazardous because his employer was a railroad company than it would have been had his employer been an individual, or a corporation other than a railroad company.

Persons may be engaged in the employ of public service corporations without being engaged in extrahazardous undertakings; the mere fact that a corporation is engaged in the service of the public does not render protective legislation necessary.

Many public service corporations are engaged in hazardous undertakings, and if any one of the individual classes of such corporations is covered by one act and the defense is abolished as to all without regard to the particular purpose and occupations of each, then the act is unconstitutional, because the discrimination is unwarranted and is not founded upon a real distinction.

Such a distinction was recognized by the court in the case of State v. Weinstein, 141 La. 1085, 76 South. 208, L. R. A. 1917F, 706, where Act No. 250 of 1916, p. 523, a criminal statute, was under investigation. It was therein made a crime for one to purchase or receive for sale or in pledge, or on storage or for safe-keeping, any article of iron, brass, or other metal belonging to a railroad com-

pany, and which was manufactured exclusively for railroad purposes, without the consent of the officers of the railroad company. It was therein held that the act was not class legislation, and that the Legislature simply exercised the police power of the state in passing, in the general interest of the public and for its safety, as well as to discourage the pilfering of such articles from a public service corporation, the act in question. It was presumed that the Legislature had knowledge of the railroad business and how it was conducted, and the everyday practical operation of railroads, and that brass journals, etc., were the objects of frequent thefts. As railroad cars cannot be operated without these appliances, and there is no practical method of preventing their exposure to theft, and as they are easily stolen from trains, resulting in derailments, with consequent injuries to persons and loss of property, the Legislature made special provisions for the punishment of the crime of selling and buying journals, etc., stolen from railroads.

Act No. 187, 1912, p. 333, is unconstitutional because it includes in one class all employés, those engaged in nonhazardous occupations a well as those engaged in hazardous occupations by certain corporations; and for the further reason that it denies to public service corporations, and in favor of individuals, the equal protection of the laws, and it denies to public service corporations, and in favor of all other corporations which may be doing identically the same work, the equal protection of the laws.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there be judgment in favor of defendant, dismissing plaintiff's suit at his cost.

MONROE, C. J., takes no part. O'NIELL, J., concurs in the decree.