(83 South. 685)

No. 23595.

REED v. SIEVERS.

(Jan. 5, 1920. Rehearing Denied Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ⊛═706(5) — FINDING OF NEGLIGENCE IN RUNNING DOWN PEDESTRIAN SUSTAINED.

In an action for the death of a pedestrian killed while crossing the street by defendant's motortruck, a finding of negligence, in that defendant failed to keep a proper lookout, *held* sustained by the evidence.

2. DEATH ⊛═99(4) — $1,500 FOR DEATH OF AGED NEGRO SUSTAINED.

In an action by the wife for the death of an aged colored laborer, still vigorous and having a prospect of some years of usefulness, a judgment, fixing damages at $1,500, sustained.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Nellie Reed against James Sievers. Judgment for plaintiff, and defendant appeals. Affirmed.

Henry W. Robinson and Daniel Wendling, both of New Orleans, for appellant.

L. E. Hall and Paul A. Sompayrac, both of New Orleans, for appellee.

PROVOSTY, J. [1] As plaintiff's husband, an aged colored laborer, but vigorous still and having a prospect of some years of usefulness yet, was crossing the riverside roadway of St. Charles avenue, he was struck and instantly killed by a Ford truck owned and driven by defendant. The street lights had momentarily gone out; and the night was dark. Defendant's learned counsel would have it that the old man was not at the crossing; but the evidence does not necessarily show this. While the witnesses differ as to the number of feet beyond the crossing the truck was found to have come to a stop and the body to be lying, only one of them names the distance greater than that to which a man might well be thrown by the impact of a fast-moving automobile. The old man was on his way home after his day's work, and had to follow on the other side of St. Charles avenue the same street he had come along, so that the probability is that he was crossing at the crossing. A large automobile going in the same direction as the truck and much faster had just passed to the right. The old man had set out to cross as soon as it had gone by. Defendant and the other occupant of the driver's seat of the truck say that they did not see him until the truck was right upon him, within one step. But they should have seen him sooner, and necessarily would have done so if they had been keeping a proper lookout ahead, for he was crossing from right to left of the driver of the truck, and was struck by the left side lamp, and when he was near the curb of the neutral ground, so that he had nearly got by, and no suggestion is made that he was moving fast. He was old and, doubtless, more or less tired after his day's work, and was carrying a basket and an agate iron can. The time which he must necessarily have taken to travel the distance from the curb on one side of the street to near the curb on the other side afforded the driver of the truck an ample opportunity to see him in time to have avoided the accident. It is not the case of a person coming suddenly from behind some obstruction. When the old man started across, the swiftly moving automobile ahead of the truck must have been some distance on its way, unless he was watching his chance to cross and sprang with youthlike promptness as soon as the automobile had passed, which is not probable, and the automobile must have been far

on its way by the time he had reached the point where the truck came upon him.

[2] The learned trial judge found against defendant, and fixed the damages at $1,500.

Judgment affirmed.