JOHNSON v. HIBERNIA BANK & TRUST CO., Appellant

(Feb. 14, 1927. Opinion and Decree.)
(Feb. 28, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. Louisiana Digest—Parties—Par. 12; Pleading—Par. 56.

Where a suit is brought against four defendants charging each one with responsibility for the fall of a building and claiming judgment in solido against all four defendants, they have a common interest in defending the suit and an exception of misjoinder of parties defendants will be dismissed.

2. Louisiana Digest—Death by Wrongful Act—Par. 22, 23, 26.

Where the deceased was made unconscious by the accident from which he died thirty minutes after, and there is no evidence that he suffered, and where he was 55 years of age and earned about $130 a month peddling soap and perfumes, and left two minor children, one 18 and the other 17, $5500 to the widow and $1500 to each child will be considered sufficient compensation.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court. Hon. Wm. H. Byrnes, Jr., Judge.

Action by Winnie Johnson, widow S. J. Leslie et al. against Hibernia Bank and Trust Company, et al.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Norman Buckwaldt Schwartz, of New Orleans, attorney for plaintiff, appellee.

Arthur B. Leopold, of New Orleans, attorney for Claude H. Smith.

McCloskey & Benedict; Henry, Cooper and Suthon, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for damages caused by the fall of a building.

The plaintiff alleged that she is the widow of Samuel J. Leslie and the mother and tutrix of her two minor children, Ruth, aged 18, and Glenn Leslie, aged 17; that the said Leslie stopped at the furniture store of Simon Levy at the corner of S. Franklin and Tulane Ave. to price

some merchandise which Levy was exhibiting for sale upon the sidewalk; that while so engaged a shed attached to the building No. 1300-2' Tulane Ave. together with the brick wall supporting the same collapsed and fell upon said Leslie and inflicted serious injuries upon him; that he suffered much pain and died shortly after being removed from the scene of the accident; plaintiff claims the following damages:

For the pain and suffering of the
deceased prior to his death_____$ 5,000.00
For the loss of his support_____ 33,000.00
For the loss of his companionship
as a father and husband_____ 10,000.00
For plaintiff's mental pain_____  2,000.00
For funeral expenses_____    500.00
                                      _____
                                      $50,500.00

Plaintiff further alleged that the buildings No. 1300-2 Tulane Ave. were owned by the late Daniel Moriarity, whose succession is administered by the Hibernia Bank and Trust Co. as executor and trustee; that the Hibernia Bank had leased said property to the said Simon Levy above mentioned who, under the terms of his lease, was responsible for all damages happening on the premises; that one John Yanakas occupied the premises 1302 Tulane Ave. under the same conditions.

Plaintiff further averred that she was informed that the cause of the wall falling was its defective construction and the excessive weight placed upon it by Claude H. Smith, an employee of the defendant bank, in his attempt to erect an advertising sign.

The plaintiff prayed for judgment for $50,5000.00 against the Hibernia Bank, Simon Levy, John Yanakas, and Claude H. Smith, in solido.

All the parties filed exceptions and answers.

There was judgment in favor of plaintiff, Winnie J. Leslie, individually, for $7500 for want of support, $500 for funeral and $500 for mental pain; and in favor of each child for $1500, against the Hibernia Bank, executors, and the suit was dismissed as against all the other defendants.

The defendant, the Hibernia Bank and Trust Co., executor, alone has appealed.

In this court the only exception insisted on is the one of "misjoinder of parties defendants".

There is no law upon the subject, only jurisprudence. The test is common interest of the defendants. In the case of Morgan Rrd. vs. Godchaux, 3 La. App. 236, we said:

"There is no misjoinder of parties defendants where they have a common interest in the principal matter in controversy, notwithstanding some distinction in plaintiffs' claim against each defendant."

We see no injury to happen to the defendant bank by overruling its exception, nor any harm to it by dismissing it. It was the common interest of all parties to the suit to have the liability of the parties settled in one suit.

We believe the question of liability has been correctly settled by the judgment of the trial court except the amount thereof.

The evidence is that the deceased was 55 years of age and was earning $130 a month as a salesman of soap and perfumery. He was also a negro preacher. According to the tables of mortality he had a life expectancy of about 17 years. He lived 30 minutes after the accident with no apparent suffering. The trial judge was guided in his estimation of damages by the cases of Vincent vs. Rrd., 140 1027

and Kent vs. Rrd., 154 La. 142. But in neither case was the plaintiff a widow or a minor child. In the Vincent case the plaintiffs were "the parents of a boy" killed by the defendant's employees. In the Kent case plaintiff was the father of a girl 17½ years old.

Although there is no arbitrary amount of damages fixed by statute, and although in the amount thereof much discretion must be left to the judge or jury, C. C. 1934, the courts are not left without a guide, but are controlled by a sound legal discretion, established by the decisions of the Supreme Court in similar cases.

In Rice vs. Rrd., 51 La. Ann. 108, 24 So. 791, the court said, p. 114:

"It has never been the intention to fix by rule specific sums for different classes of injuries, nor for varying grades and duration of anguish and suffering.

"In this respect, each case is considered independently on the merits and on the state of facts peculiar to it, a due regard, however, being always had to the proper observance of a reasonable uniformity of jurisprudence on general lines." Williams vs. Pickering Lbr. Co., 125 La. 1087-99, 52 So. 167; McMahon vs. N. O. Ry. & L. Co., 127 La. 544, 53 So. 857; Feely vs. National Packing Co., 141 La. 910, 75 So. 837.

The deceased was made unconscious by the accident and died thirty minutes after. There was no evidence that he suffered any. Hill vs. Big Creek Lbr. Co., 108 La. 163, 32 So. 372; Kimbell vs. Homer Compress & Mfg. Co., 109 La. 963, 34 So. 39; Blackburn vs. L. R. & N. Co., 128 La. 319-333, 54 So. 865; Churchill vs. T. & P. Ry. Co., 151 La. 730, 92 So. 314.

1st. In the case of Blackburn vs. Ry., 144 La. 520, 80 So. 708, the court reduced a verdict and judgment in favor of a widow and two minor children from $30,000 to $5000 for the widow and $5000 for each of the children. The husband was 32 years of age and was earning $100 a month.

2nd. In Robichaux vs. Hebert, 118 La. 1089, 43 So. 887, the deceased was 50 years old, was earning $1.50 per day, and had a life expectancy of 21 years. The widow was allowed $1000 and two minors $3000.

3rd. In Moren vs. Ry., 125 La. 944 (962-963), 52 So. 106, the deceased was 36 years old and was earning $75 per month. His widow recovered $5000 and her minor child $5000.

4th. In Taylor vs. Rrd., 123 La. 768, 49 So. 518, the deceased was a farmer; he lived six days after the accident. His widow was awarded $2000 and $3000 for her eight minor children.

5th. In Crisman vs. Rrd., 110 La. 640, 34 So. 718, the deceased was 49 years old and earned $4 or $5 per day; his widow was 43 years old. The jury and court gave the widow $4500 and $300 to his minor son 18 years old.

6th. In Potts vs. Rrd., 110 La. 1, 34 So. 103, the deceased was 27 years of age and foreman of a telephone line gang. The court and jury allowed his widow $5000.

7th. In Hill vs. Big Creek Co., 108 La. 162, 32 So. 372, the deceased was a mill hand, his widow and minor child received $5000.

8th. In Downing vs. Rrd., 104 La. 508, 29 So. 207, the deceased was 54 years of age, an engineer by occupation, earning $1500 per annum. His widow recovered judgment for herself and minor children for $6500.

9th. In Dorsey vs. Rrd., 104 La. 478, 29 So. 177, the widow was awarded $2500.

10th. In Helm vs. O'Rourke, 46 La. Ann. 178, 15 So. 400, the deceased was a

laborer in a boiler shop; his widow obtained judgment for $3000.

11th. In Cline vs. Rrd., 43 A. 327, 9 So. 122, the deceased was 62 years of age; he was a wagon driver and earned $1.50 or $2 a day.

The court said: ·

"It is claimed that according to the life insurance time tables he would probably have lived 12 years more, and it is insisted that his earnings during that time would have amounted to a considerable sum, and that this amount at least should be recovered in this action. It may be, and it may not be, that the party would have lived that time. He might have died the next day, the next month, the next year, by disease or some accident, or some other unforeseen cause."

The judgment was in favor of the widow and of her minor children for $1000.

12th. In Curley vs. Rrd., 40 La. Ann. 810, 6 So. 103, the deceased was the driver of a float. His widow and minor child were allowed $7000.

13th. In Clairain vs. Western Union Tel. Co., 40 La. Ann. 178, 3 So. 625, the deceased was a lineman. His widow sued in her own right and as tutrix of her minor children and claimed damages resulting from the sufferings of the deceased and from the loss of the husband and father. She claimed $5000 for herself and $5000 for her children. She obtained a judgment for herself and children of $3000.

14th. In Faren vs. Sellers, 39 La. Ann. 1011, 3 So. 363, the deceased was a laborer engaged in demolishing a' building. His widow and minor children recovered judgment for $5000.

15th. In Reed vs. Sievers, 146 La. 391, 83 So. 685, the court allowed the widow $1500, for the killing of her aged colored husband, a laborer by occupation.

16th. In the case of Eichhorn vs. Rrd., 112 La. 236, 36 So. 335, the deceased died two days after the accident; he earned from $200 to $250 a month; he was 39 years of age and had a life expectancy of 28 years. His widow .was allowed $10,000. State vs. City of O., 151 La. 24, 91 So. 533.

17th. In a' later case Eichorn vs. New Orleans & C. R.-Light & Power Co., 114 La. 712, 38 So. 526, his minor children got $7000.

18th. In Dobyns vs. Rrd., 119 La. 72, 43 So. 934, the widow of a freight train conductor, 32 years old, earning $1200 a year was allowed $10,000.

19th. In Cunningham vs. Penn, 131 La. 196, 59 So..119, the widow of a construction iron worker, age not stated, obtained $7000 against each of the two defendants in solido.

20th. In Broussard vs. Rrd., 140 La. 517, 73 So. 606, the deceased was 36 years of age and was earning $65 a month; he survived the accident thirty minutes and suffered greatly. His widow recovered $5000 ,and $2000 to each of his minor children, 9, 5 and 2, respectively.

21st. In Wirth vs. Dussell Iron Works, 140 La. 1056, 74 So. 551, the deceased was a marine engineer, 45 years of age; he suffered 56 hours; he left three children. The widow was allowed $6000 and a like sum to the three children.

22nd. In Bourdier vs. La. Western Rrd., 131 La. 689, 60 So. 78, the deceased was section foreman on defendant's road, 28 years of age; he died in about four hours. His widow was allowed $10,000.

24th. In Jones vs. Kansis City Rrd., 137 La. 178, 68 So. 401, the deceased was a locomotive engineer, 33 years of age, and was earning $175 a month. There was a verdict and judgment in favor of the wife for $5000 and $12,500 in favor of her three minor children aged 2, 6 and 7.

25th. In Feely vs. National Packing Co., 141 La. 903, 75 So. 837, the deceased was an engineer 54 years of age with an expectancy of 18 years of life and was earning $150 a month; he was severely burned by an explosion of gas and suffered eight days; his child was 13. Judgment of $10,000 in favor of the widow and $5000 for the child.

26th. In Rose vs. L'Engle, 148 La. 310, 86 So. 822, the deceased was 67 years of age and earned $30 a week; he suffered intensely for almost a week with little or no hope of recovery. Judgment in favor of widow $10,000.

27th. In Gray vs. Foundation Co., 151 La. 7, 91 So. 527, the deceased was a salesman for an oil company, 39 years of age, and earned $200 or $250 a month. Judgment for $15,000 for the widow and her four minor children.

Considering the age, the occupation, and the earning capacity of plaintiff's husband, we are of the opinion that a judgment in her favor for five thousand dollars for loss of support instead of seven thousand, five hundred allowed by the trial court would be substantial justice.

It is therefore ordered that a judgment herein be amended by reducing the amount allowed to the plaintiff Winnie Johnson, widow Samuel James Leslie, from eight thousand, five hundred dollars to six thousand dollars, that the judgment in favor of the two minors Ruth Leslie and Glem Leslie for fifteen hundred dollars each be affirmed.

That as thus amended the judgment be affirmed, the Hibernia Bank and Trust Co. to pay the costs of appeal.