BLACK DIAMOND LUMBER COMPANY v. SMITH.

4-3639

Opinion delivered December 17, 1934.

*Will Steel,* for appellant.

*Bert B. Larey* and *T. B. Vance,* for appellee.

McHANEY, J. On or about January 30, 1934, appellant's president, E. L. Stout, sent two of its employees, appellee's intestate, Andrew Jackson Ward, and Claude Ogden, both truck drivers, from its mill near Doddridge in Miller County, Arkansas, to Gillham, Louisiana, with a truck load of lumber. Their orders were to deliver the lumber to the purchaser in Gillham, go from there to Shreveport, pick up some furniture and return to the mill, all of which they did. Ogden did all the driving,

not by order of Mr. Stout, but by arrangement between themselves, although Ward was the older and more experienced driver. On the return trip, while traveling along the highway in Louisiana, the truck left the road at an "S" curve where it crosses the railroad track, turned over and injured both employees. Ward was so badly injured that he died shortly thereafter.

Appellee was thereafter appointed administrator of Ward's estate, and brought this action in Arkansas under the laws of Louisiana to recover for the benefit of his minor children, there being no widow. Trial thereof resulted in a verdict and judgment against appellant for $5,000.

At the conclusion of the testimony, appellant requested a directed verdict in its favor on the ground, among others, that, under the laws of Louisiana, the deceased and Ogden were fellow-servants, and that no liability attached to it for the injury or death of Ward caused by the negligence of Ogden, assuming that the latter was negligent in driving said truck. This request was refused, and forms one of the principal grounds for reversal on this appeal. It is conceded that the law of Louisiana governs, and that liability of appellant, if any, must be determined by the laws of that State, where the injury and death occurred. See *St. L. I. M. & S. R. Co.* v. *Haist,* 71 Ark. 258, 72 S. W. 893; *K. C. Sou. Ry. Co.* v. *Phillips,* 174 Ark. 1019, 298 S. W. 325.

The rule in that State is, as contended for by appellant, that the master is not liable for injuries to a servant caused by the negligence of a fellow-servant alone, but, as said in the Haist case, *supra,* "if the injury is caused by the combined negligence of a fellow-servant and a vice-principal on a railroad, the railroad company is liable, and that a conductor personates the company, and is a vice-principal." It was there held that the engineer and firemen were fellow-servants. The Louisiana rule as stated in that case has never been changed either by decision or statute and is still the law. See *Stucke* v. *Orleans Ry. Co.,* 50 La. Ann. 172, 23 So. 352; *Doudy* v. *Sou. Pacific Ry. Co.,* 42 La. Ann. 686, 7 So. 792; *Mason* v. *N. O. Terminal Co.,* 143 La. 616, 79 So. 26; *Arzuaga* v.

*Ortiz,* 266 Fed. 449; *Weaver* v. *W. L. Goulden Logging Co., Ltd.,* 116 La. 468, 40 So. 798.

Were Ward and Ogden fellow-servants? If they were, then there can be no recovery. The court submitted the question to the jury, but we think it is a question of law and not of fact. Both were truck drivers in the employ of appellant. Neither had any authority over the other. Both were sent on a common mission to accomplish a common purpose for their employer. Both unloaded the lumber at Gillham. Ward put the furniture in the truck at Shreveport, consisting of three dozen chairs, a mattress and rug. Ogden drove the car by his own choice, and not by direction of the master or of Ward. Neither could hire or discharge the other. They were therefore fellow-servants, and the court should have so declared as a matter of law. *Howell* v. *Harvill,* 185 Ark. 977, 50 S. W. (2d) 597; *Walsh* v. *Eubanks,* 183 Ark. 34, 34 S. W. (2d) 762. In the latter case we held that "a truck driver transporting other employees of his master for the purpose of assisting him in unloading a car of cement was a fellow-servant, for whose negligence causing injury to one of such employees the master was not liable," to quote the second syllabus. We do not understand the law to be different in Louisiana. If the negligent servant occupied the position of a vice-principal, the rule does not apply, for in such case it is the negligence of the master and not that of a fellow-servant. Therefore the court should have directed a verdict for appellant at its request.

The judgment will be reversed, and the cause dismissed. It is so ordered.